UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| ALLEN L. WISDOM, an individual,<br><br>                   Appellant,<br>  vs.<br><br>JEREMY J. GUGINO, an individual, FRANCES R. STERN, an individual, ANTHONY M. PANTERA IV, an individual, NEW YORK LIFE INSURANCE COMPANY, a Mutual Life Insurance Co., TERRY MICHAELSON, an individual, HAMILTON MICHAELSON & HILTY, LLP, an Idaho Limited Liability Partnership, KAREN MCMURTRIE, an individual,<br><br>                   Appellees. | **USDC Case No: 1:18-cv-00477-DCN**<br><br>Adv. No. 13-06045-TLM<br>Bankr. No. 11-01135-JDP<br><br>**MEMORANDUM DECISION AND ORDER ON APPEAL** |

## I. INTRODUCTION

Pending before the Court in the above-entitled matter is Plaintiff-Appellant Allen L. Wisdom's appeal of the United States Bankruptcy Court for the District of Idaho's May 5, 2015 and March 7, 2016 orders dismissing Defendants-Appellees New York Life Insurance Company, Frances R. Stern, and Anthony M. Pantera IV from the adversary proceeding. The parties filed responsive briefing and the matter is now ripe for decision. Having fully reviewed the docket herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decision-making process

would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## II. BACKGROUND

### 1. The Underlying Bankruptcy Case

Allen L. Wisdom ("Wisdom") originally filed for chapter 7 bankruptcy relief on April 19, 2011, commencing Case No. 11–01135–JDP. He was represented in the bankruptcy by private counsel—Frances R. Stern ("Stern") and Anthony M. Pantera IV ("Pantera") (now Appellees). The chapter 7 trustee of his estate was Jeremy Gugino ("Trustee").

At the time Wisdom filed for chapter 7 relief, he had an interest in five different insurance policies with Defendant-Appellee New York Life Insurance Company ("NY Life"). On May 18, 2011, shortly after filing for relief, Wisdom tried to claim four of the policies as exempt under Idaho law and $5,000 of the fifth policy as exempt pursuant to Idaho Code § 11–605(10). Trustee objected, arguing that Idaho Code § 11–605(10) allows for one exemption, capped at a total of $5,000 as to all of the policies. Because Wisdom did not oppose or respond to Trustee's objection, the Bankruptcy Court sustained his objection on June 29, 2011.

On July 7, 2011, Trustee sent a letter to NY Life ordering it to liquidate Wisdom's fifth policy and to provide the funds to Trustee. NY Life forwarded the letter to Wisdom within a few days. A few months later, Wisdom was notified that NY Life was also liquidating the four other policies. After NY Life liquidated the remaining policies, it

provided Trustee with a check for the proceeds. Trustee then sent Wisdom a $5,000 check for his allowed exemption under Idaho Code § 11–605(10), which Wisdom cashed.

On June 27, 2012, Wisdom filed an objection to the liquidation and asked for the return of the liquidated policies. In his filings, he suggested that Trustee's actions in liquidating the policies were inappropriate. The Bankruptcy Court denied the objection and found that Wisdom was entitled solely to the $5,000 exemption he had expressly asserted and been duly paid. Furthermore, the Bankruptcy Court found that the "Debtor's suggestions that Trustee's actions were 'unilateral' or inappropriate are baseless, and most assuredly, Trustee engaged in no 'intentional misrepresentation' or 'fraud' in dealing with the estate assets." *In re Wisdom*, No. 11-01135-JDP, 2015 WL 2128830, at *4 (Bankr. D. Idaho May 5, 2015).

2. **Appeal of the Underlying Bankruptcy Case**

Wisdom appealed the bankruptcy court's determination that Trustee properly liquidated five of Wisdom's life insurance policies to both the district court and the Ninth Circuit. Both affirmed. In its affirmation, the Ninth Circuit found that to the extent Trustee owed Wisdom a fiduciary duty to preserve his interest in the value of life insurance policies, Trustee fulfilled that duty. *Wisdom v. Gugino*, 649 F. App'x 583, 58 (9th Cir. 2016). It also found Trustee breached his procedural obligations under 11 U.S.C. § 363(b)(1) by liquidating Wisdom's insurance policies without providing separate notice and opportunity for a hearing. *Id*. at 585. However, Wisdom was not prejudiced by Trustee's failure to satisfy § 363(b) because Wisdom had actual notice of the impending liquidation of the policies. *Id*. "In sum, Wisdom's claims against the trustee are without merit." *Id.*

### 3. The Adversary Proceeding

On December 3, 2013, Wisdom initiated an adversary proceeding in bankruptcy court against Trustee, NY Life, and his bankruptcy counsel.[1] Adv. Case No. 13-06045-TLM. Wisdom raised claims of breach of contract, breach of fiduciary duty, negligence, tortious interference with contract, constructive fraud, legal malpractice, intentional and negligent infliction of emotional distress, slander *per se*, and civil conspiracy. The claims allege Trustee improperly liquidated the insurance policies in the underlying bankruptcy proceeding and that Trustee committed fraud and violated the fiduciary duty he owed to Wisdom. Relatedly, they allege that NY Life improperly liquidated policies in the underlying bankruptcy proceeding and NY Life breached its contract and fiduciary duties. Finally, Wisdom alleges that bankruptcy counsel violated their contractual, tortious, and professional duties in how they handled 1) Trustee's liquidation of Wisdom's insurance policies; 2) the bankruptcy process of the sale or compromise of Wisdom's pro se lawsuits that, on filing, became property of the estate; and 3) their withdrawal from representation.

### 4. The Dismissal of Defendant-Appellees in the Adversary Proceeding

On May 5, 2015, the Bankruptcy Court granted Defendant-Appellee NY Life's Motion for Judgment on the Pleadings. In doing so, it dismissed the adversary proceeding against NY Life, *sua sponte* and under 28 U.S.C. § 157(b)(3) and Civil Rule 12(h)(3), on the grounds that it lacked subject matter jurisdiction. The Bankruptcy Court found that the

---

[1] Wisdom later amended his complaint and added additional Defendants. Those Defendants are not party to, or a focus of, this appeal.

action against NY Life was not a core proceeding under the bankruptcy code and did not "relate to" a bankruptcy case within the meaning of 28 U.S.C. § 1334(b). *In re Wisdom*, No. 11-01135-JDP, 2015 WL 2128830 (Bankr. D. Idaho May 5, 2015).

On March 7, 2016, the Bankruptcy Court granted Defendants-Appellees Stern and Patera's Motion for Summary Judgment. In doing so, it dismissed the adversary proceeding against Stern and Pantera, *sua sponte* and under 28 U.S.C. § 157(b)(3) and Civil Rule 12(h)(3), on the grounds that it lacked subject matter jurisdiction. The Bankruptcy Court held the action involving contract, tort, and legal malpractice claims against private counsel in and during the chapter 7 proceedings was not a core proceeding under the bankruptcy code and did not "relate to" a bankruptcy case within the meaning of 28 U.S.C. § 1334(b). *In re Wisdom*, No. 11-01135-JDP, 2016 WL 872102 (Bankr. D. Idaho Mar. 7, 2016).

On August 24, 2018, the Bankruptcy Court entered an order denying Wisdom's motion for Rule 54(b) Certification. On September 10, 2018, the Bankruptcy Court dismissed the remaining defendants in the adversary proceeding.

5. **Prior Appeal in the Adversary Proceeding**

The Court takes judicial notice of a prior appeal in Wisdom's bankruptcy adversary proceeding. In that appeal, Wisdom argued that Gugino was never properly a trustee in the case and therefore every action taken by him as trustee is *void ab initio*. The Ninth Circuit affirmed the district court's judgment upholding the bankruptcy court's determination that Gugino was the proper trustee in this case. *In re Wisdom*, 770 F. App'x 881, 882 (9th Cir. 2019). All other claims raised against Gugino were dismissed as meritless or duplicative of issues already raised and rejected in other appeals.

6. **The Pending Appeal**

On September 11, 2018, Wisdom filed his Notice of Appeal of the orders dismissing NY Life, Stern, and Pantera (collectively "Appellees") from the adversary proceeding for lack of subject matter jurisdiction. As all of the claims against all parties were resolved on September 10, 2018, the interlocutory orders relating to the dismissal of Appellees became final for the purposes of appeal on that same date. *In re Belli*, 268 B.R. 851, 856–57 (B.A.P. 9th Cir. 2001).

On December 4, 2018, Wisdom filed his opening brief. He presented two issues for review:

> 1. Did the Bankruptcy Court err in dismissing Defendant New York Life Insurance Company for the lack of subject matter jurisdiction?
>
> 2. Did the Bankruptcy Court err in dismissing Defendants Stern and Pantera for the lack of subject matter jurisdiction?

Dkt. 5, at 3. The appeal is timely under Federal Rule of Bankruptcy Procedure 8002 and the matter is now ripe.

### III. STANDARD OF REVIEW

An appellant may petition the district court for review of a bankruptcy court's decision. Fed. R. Bankr. P. 8013. The applicable standard of review is the same as that which circuit courts of appeal apply when reviewing district court decisions: "Factual determinations are reviewed under the clearly erroneous standard, while determinations of law are reviewed de novo." *In re Andrews*, 155 B.R. 769, 770 (9th Cir. BAP 1993). Accordingly, "[d]ismissal for lack of subject matter jurisdiction is reviewed *de novo*." *Vestron, Inc. v. Home Box Office Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988).

# IV. DISCUSSION

In his appeal, Wisdom argues the actions against NY Life, Stern, and Pantera are core proceedings pursuant to 28 U.S.C. § 157(b) of the bankruptcy code and thus the Bankruptcy Court erred in concluding that it lacked subject-matter jurisdiction over hearing the claims. Dkt. 5, at 7.[2] Appellees maintain the Bankruptcy Court was correct in concluding that Wisdom's claims against them were "non-core" under the bankruptcy code. Dkt. 12, at 10; Dkt. 13, at 7.

Having reviewed the parties' briefing, the Bankruptcy Court's decision, and the entire record herein, the Court finds the Bankruptcy Court properly stated the law and applied the law to the facts of this case in determining that it lacked subject matter authority to hear the case before it. This Court affirms the Bankruptcy Court's decisions.

## 1. Subject Matter Jurisdiction

Like all federal courts, bankruptcy courts' jurisdiction "is grounded in, and limited by, statute." *Celotex Corp. v. Edwards,* 514 U.S. 300, 307 (1995). Under 28 U.S.C. § 157, bankruptcy courts have subject matter jurisdiction to hear a broad array of issues, but may only enter a final order or judgment in:

> (1) "cases under title 11," § 157(b)(1);
> (2) "core" bankruptcy proceedings that either "arise under" the Bankruptcy Code or "arise in" a case under the Code, *id*.; or

---

[2] There was some dispute between the parties as to whether Wisdom was also appealing on the grounds that the Bankruptcy Court found, *sua sponte*, that it lacked subject matter jurisdiction and did not provide the parties notice and an opportunity to be heard on the issue. Wisdom has since clarified that he is not claiming the Bankruptcy Court erred on those grounds. Dkt. 14, at 4. Such a claim would be meritless under 28 U.S.C. § 157(b)(3) and general subject matter jurisdiction precedent.

(3) cases in which all interested parties "consent" to the bankruptcy court having jurisdiction to enter a final order in a matter that is "related to" a case under the Bankruptcy Code, § 157(c)(2).

*Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1130 (9th Cir. 2010). "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under [28 U.S.C. § 157(b)] or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3).

Here, Wisdom explicitly appeals on the sole ground that his claims are core to the bankruptcy proceedings. *See* Dkt. 5, at 30 ("Appellant has never alleged the bankruptcy court had 'related to' jurisdiction. Appellant has alleged and advocated the bankruptcy court had 'core' jurisdiction which includes 'arising in' jurisdiction."). Issues not argued on appeal are deemed waived. *See Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011) (issues not supported by argument are deemed abandoned); *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 1994) (same). Therefore, the Court will only focus on whether his proceedings are core and will not consider whether they "relate to" a bankruptcy case.[3] As a result, any arguments concerning whether all interested parties consented to the Bankruptcy Court having jurisdiction over their claims are not relevant.

---

[3] A proceeding is "related to" bankruptcy if:

> the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005) (internal quotations omitted).
(Continued)

MEMORANDUM DECISION AND ORDER - 8

## 2. Core Bankruptcy Proceedings

A core proceeding is one that "invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Gruntz v. County of L.A. (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000) (internal quotations omitted).[4] A proceeding is "non-core" if it "do[es] not depend on the Bankruptcy Code for [its] existence and [it] could proceed in another court." *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004) (internal citation omitted).

In bankruptcy cases, there are two different types of core proceedings: proceedings "arising under" title 11 and proceedings "arising in" title 11. *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013). Both "arising under" and "arising in," as related to bankruptcy proceedings, are terms of art. *Id*. Proceedings "arising under" title 11 "involve causes of action created or determined by a statutory provision of that title." *Id*. Proceedings "arising in" title 11 are administrative matters unique to the bankruptcy process "that ha[ve] no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code." *In re Ray*, 624 F.3d at 1131.

### a. Subject Matter Jurisdiction Over Action Against NY Life Insurance

Wisdom reasons that his action against NY Life is a core proceeding because all of his claims against NY Life "are inextricably intertwined with the claims against [Trustee] Gugino which renders the claims as 'core' proceedings also having arose in the bankruptcy

---

[4] Congress provided a non-exhaustive list of core proceedings in 28 U.S.C. § 157(b)(2).

case." Dkt. 5, at 19. NY Life responds that Wisdom's adversary proceedings against them are not core proceedings by statute or under case law. Dkt. 12, at 6. Furthermore, Wisdom's claims against Trustee have been fully litigated and resolved and his arguments "depend on issues that have already been addressed and dismissed (i.e., the propriety of the liquidation of Policies and the authority of the Trustee)." *Id.*

In *In re Ray*, the Ninth Circuit held the proceeding was not core where, after a bankruptcy case closed, a plaintiff challenged a debtor's sale of real property that had been approved by the bankruptcy court on the basis of alleged breach of first refusal rights. 624 F.3d at 1129. Plaintiff relied on *Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.*, 355 B.R. 214 (D. Haw. 2006), which involved an alleged breach of a confidentiality agreement entered into pursuant to the bankruptcy court's order, for the argument that a "post-confirmation proceeding involving a bankruptcy court's enforcement of its own order is a core proceeding." *Id.* at 1133 (quoting plaintiff's brief).

The Ninth Circuit rejected the plaintiff's argument, distinguishing the *In re Ray* case from *Hawaiian Airlines*. The appellate court emphasized that the agreement in *Hawaiian Airlines* was "*between one of the parties and the bankruptcy trustee*, a plainly different posture from this case." *Id.* Accordingly, the Ninth Circuit reasoned that the dispute was not a core proceeding because the breach of contract action "can exist independently of the bankruptcy case[.]" *Id.* at 1135. In other words, "[t]he dispute in *Ray* . . . did not involve implementation and execution of [the bankruptcy plan]." *In re Wilshire Courtyard*, 729 F.3d 1279, 1288 (9th Cir. 2013) (internal quotations omitted). "[T]he fact that a matter would not have arisen had there not been a bankruptcy case does not *ipso facto* mean that

the proceeding qualifies as an 'arising in' proceeding." *Id.* (quoting 1–3 *Collier on Bankruptcy* ¶ 3.01[3][e][iv] (Myron M. Sheinfeld, Fred T. Witt & Milton B. Hyman, 16th ed. Dec. 2011)).

Here, Wisdom's state law tort and contract claims against NY Life are based on the private contract and relationship between the two parties that were entered into independently of, and prior to, the bankruptcy action. Although the factual allegations concern the liquidation of the insurance policies in the underlying bankruptcy case, the Court finds Wisdom's claims do not depend on the Bankruptcy Code for their existence. Wisdom cites to no statutory provision in the bankruptcy code and offers no argument that that his state law claims involve a "cause of action created or determined by a statutory provision of the Bankruptcy Code." *See In re Ray*, 624 F.3d at 1131.

While Wisdom's claims against NY Life relate to (in the common sense of the word) actions that the parties discussed and acted upon during the bankruptcy proceedings, he was free to bring his breach of contract and tort claims in state court. The state court, in turn, would have been obligated to examine the preclusive effects of the bankruptcy court's order and the Ninth Circuit's resolution over the propriety of the liquidation of the insurance policies and the authority of the Trustee, but that would not have prevented the state court from being able to hear the case. Regardless of whether Wisdom prevails or fails in his suit, it will not affect the bankruptcy proceedings because it does not directly affect the "interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005). As the Bankruptcy Court stated in its order dismissing NY Life from the case, "[i]f the

proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding" even if "it may be *related* to the bankruptcy because of its potential effect[.]" *In re Wisdom*, No. 11-01135-JDP, 2015 WL 2128830, at *8 (Bankr. D. Idaho May 5, 2015) (quoting *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.),* 935 F.2d 1071, 1076 (9th Cir. 1991).

Wisdom's action against NY Life neither "arises under" nor "arises in" the bankruptcy code under Ninth Circuit precedent. This Court affirms both the Bankruptcy Court's finding that Wisdom's action against NY Life was non-core to the bankruptcy proceedings and its subsequent dismissal the action due to lack of subject matter jurisdiction.

  b. *Subject Matter Jurisdiction Over Action Against Bankruptcy Counsel*

Wisdom's adversary proceeding against Stern and Pantera contains post-petition claims for state law fraud/malpractice against both individuals' action in their capacity as Wisdom's chapter 7 attorneys. The alleged claims do not depend on a substantive provision of bankruptcy law and so the action clearly does not "arise under" title 11. Instead, both parties focus on whether the proceeding "arises in" title 11.

Wisdom argues that under the reasoning of *Meyer v. Young Conaway Stargatt & Taylor LLP*, No. 1:CV-10-540-BLW, 2011 WL 1317282, at *1 (D. Idaho Mar. 31, 2011), his claims "arise in" title 11. Dkt. 5, at 26. In *Meyer*, the district court held that a legal malpractice claim against attorneys approved by the court to represent debtors in bankruptcy "arose in" bankruptcy. 2011 WL 1317282, at *1. Wisdom interprets the *Meyer* decision to stand for the proposition that "legal malpractice cases, . . . whether [against]

appointed or *retained* debtor's bankruptcy counsel, are 'core proceedings.'" Dkt. 14, at 8–9 (emphasis added). Stern and Pantera agree that "[t]he *Meyer* court held that it had subject matter jurisdiction over a malpractice action in bankruptcy court, reasoning that there should not be a distinction between appointed and *retained* counsel," but argue *Meyer* conflicts with Ninth Circuit precedent.[5] Dkt. 13, at 16 (emphasis added). But both parties misread the applicability of *Meyer* to this case.

In *Meyer*, the malpractice claim at issue was against attorneys approved by the court. 2011 WL 1317282, at *2. The district court rejected the attorneys' argument that claims for legal malpractice that occurred during the bankruptcy were non-core if the attorney had not been court-appointed. Since the Ninth Circuit had not ruled on this issue before, the district court based its analysis on the fact that the Ninth Circuit's "sweeping statement . . . about the indispensable need for professional fidelity in bankruptcy" in a prior case "does not turn on the hair-splitting distinction of whether that professional is appointed or approved by the bankruptcy court." *Meyer*, 2011 WL 1317282, at *2 (citing *In re Ferrante*, 51 F.3d 1473, 1476 (9th Cir. 1995). "Either way, the fidelity of these professionals is critical to the administration of the bankruptcy, and hence this malpractice action 'arises in' bankruptcy and is a core proceeding under 28 U.S.C. § 157(b)(2)(A)." *Id*. The *Meyer* court only discussed the distinction between court-appointed and court-approved attorneys

---

[5] Stern and Pantera mistakenly contend that *Meyer* conflicts with established Ninth Circuit law in part because it did not discuss *Schultze*. However, *Schultze* was decided after the *Meyer* decision was issued.

in bankruptcy cases—it did not opine on whether legal malpractice claims against *retained* counsel in bankruptcy cases are core.

Three years later, the Ninth Circuit decided *Schultze v. Chandler*, 765 F.3d 945 (9th Cir. 2014). In *Schultze*, the Ninth Circuit ruled that a bankruptcy court had jurisdiction over a legal malpractice claim against court-approved attorneys representing debtors in bankruptcy because it was a core proceeding. The Ninth Circuit stressed multiple times that where "a post-petition claim [is] brought against a court-appointed professional," the suit is a core proceeding. *Id*. at 948. The Ninth Circuit quoted the Fifth Circuit's reasoning to explain the rationale behind this:

> A *sine qua non* in restructuring the debtor-creditor relationship is the court's ability to police the fiduciaries, whether trustees or debtors-in-possession and other court-appointed professionals, who are responsible for managing the debtor's estate in the best interest of creditors. The bankruptcy court must be able to assure itself and the creditors who rely on the process that court-approved managers of the debtor's estate are performing their work, conscientiously and cost-effectively. Bankruptcy Code provisions describe the basis for compensation, appointment and removal of court-appointed professionals, their conflict-of-interest standards, and the duties they must perform. *See generally* 11 U.S.C. §§ 321, 322, 324, 326–331.

*Id*. at 949 (quoting *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 931 (5th Cir. 1999). Accordingly, a lawsuit against an attorney whose employment was "approved by the bankruptcy court and governed by 11 U.S.C. § 1103," whose compensation "was also approved by the court and governed by 11 U.S.C. §§ 328, 330, 331" and whose duties "pertained solely to the administration of the bankruptcy estate" fell within the definition of a core proceeding when the suit "was based solely on acts that occurred in the administration of the estate." The Ninth Circuit did not distinguish between court-

appointed and court-approved professionals. Rather, the Ninth Circuit held that the legal malpractice action against the attorneys representing debtors in the bankruptcy case was core in part *because* the attorneys were court-approved.

*Meyer* and *Schultze* both stand for the proposition that legal malpractice suits against court-appointed or court-approved attorneys in bankruptcy proceedings are core when the suit is based solely on the acts that occurred in the administration of the estate. However, as the Bankruptcy Court factually found, "Stern and Pantera were private counsel for a chapter 7 debtor, and they were neither court-appointed nor court-approved." *In re Wisdom*, No. 11-01135-JDP, 2016 WL 872102, at *3 (Bankr. D. Idaho Mar. 7, 2016). Wisdom's claims against Stern and Pantera do not fall within the scope of *Schultze* or *Meyer*.

Although Wisdom's claims against Stern and Pantera concern their handling of his bankruptcy case and would not exist without the underlying bankruptcy case, his action against them is not an "administrative" matter peculiar to the bankruptcy context involving, for instance, a court-appointed attorney such as in *Schultze*. Wisdom's allegations against Stern and Pantera pertain solely to their representation as his chapter 7 private attorney. As such, Stern and Pantera's representation of Wisdom and duties did not involve the administration of the bankruptcy estate—that was Jeremy Guignio's role as the chapter 7 trustee. *See In re Holcomb*, No. 2:11-BK-56326-BB, 2018 WL 1976526, at *7 (B.A.P. 9th Cir. Apr. 25, 2018). Accordingly, Wisdom's claims against Stern and Pantera do not impact the handling and administration of his estate and thus are easily separable from the bankruptcy case. *Id*. Additionally, Wisdom's relationship with Stern and Pantera is governed by the same state-law rules of professional conduct regardless of whether Stern

and Pantera represented Wisdom in a bankruptcy case or a state property matter. Therefore, his claims exist outside of bankruptcy and could be brought in the state court. The claims alleged against Stern and Pantera do not "arise in" title 11.

Wisdom's action neither arises under, nor arises in, title 11, and thus is not core to the proceedings. As Wisdom solely appeals on the basis of whether his action was core, this Court affirms the Bankruptcy Court holding that it lacked subject matter jurisdiction over Wisdom's adversary proceeding against Stern and Pantera without analyzing whether Wisdom's action against his bankruptcy counsel was "related to" title 11.

## V. AWARD OF COSTS

NY Life asks that it be awarded costs and attorney fees under Federal Rules of Bankruptcy Procedure 8021. Dkt. 12, at 20. Rule 8021 provides, in relevant part, that where an appeal is dismissed and/or a judgment or order is affirmed "costs are taxed against the appellant." Fed. R. Bankr. P. 8021(a)(2). Because this Court has affirmed the Bankruptcy Court, Appellees are entitled to costs in this case. Appellees shall file a bill of costs in accordance with Rule 8021.

## VI. CONCLUSION

Having conducted a de novo review of the applicable law and considered the factual findings of the Bankruptcy Court for clear error, this Court finds the Bankruptcy Court's decision is consistent with this Court's own view of the record and law in this case. Therefore, the Court will affirm the Bankruptcy Court's decisions dismissing the Appellees from the adversary proceedings due to lack of subject matter jurisdiction.

## VII. ORDER

The Court HEREBY ORDERS:

1. The Bankruptcy Court's decision issued on May 5, 2015 granting Defendant-Appellee NY Life's Motion for Judgment on the Pleadings is AFFIRMED;

2. The Bankruptcy Court's decision issued on March 7, 2016 granting Defendants-Appellees Stern and Patera's Motion for Summary Judgment is AFFIRMED;

3. Appellees shall file a bill of costs in accordance with Rule 8021 of the Federal Rules of Bankruptcy Procedure;

4. A separate judgment will be issued.

DATED: October 9, 2019

David C. Nye
Chief U.S. District Court Judge